## THE ETHEL.

### HODGKINS v. WELSH et al.

(District Court, E. D. Pennsylvania. January 26, 1894.)

#### No. 74 of 1893.

ADMIRALTY—COSTS—PROCTOR'S FEE—SUMMARY PROCEEDINGS.

In summary proceedings, where the amount is less than $50, and libelant's proctor takes the benefit of the rule of court dispensing with libelant's stipulation for costs, no proctor's fee can be taxed in his favor, except by special allowance by the court, on a showing of special circumstances; and the allowance will not be made merely because he had the testimony taken before a commissioner, instead of before the court, as he might have done.

In Admiralty. Libel by Frank M. Hodgkins, master of the bark Ethel, against S. & J. Welsh, to recover a balance of freight. The libel was heretofore sustained, (59 Fed. 473,) and the cause is now heard on motion for allowance of costs. Motion dismissed.

Curtis Tilton, for libelant.

Richard C. McMurtoil, for respondent.

BUTLER, District Judge. This was a summary proceeding, the amount being under $50. The libelant's proctor so regarded it, and took the benefit of rule 72 which dispenses with the libelant's stipulation for costs. No proctor's costs were therefore taxable without special allowance by the court. Such costs were

claimed on taxation before the clerk and disallowed. The proctor "now moves the court to allow the *usual costs* to libelant and libelant's proctor." The "*usual*" costs in summary cases were allowed and taxed by the clerk. What I suppose the motion is intended to effect is a special allowance of proctor's costs under the rule above stated. To justify the court in doing this, something should appear in the case to distinguish it from ordinary summary proceedings. I do not find anything to so distinguish it. It was the libelant's privilege to have the testimony heard in court, instead of having it taken before a commissioner, but he elected to pursue the latter course. Whether this was more burdensome than hearing it in court would have been, I do not know, nor is it imporcant.

The motion must be dismissed.